AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

**OFFENSE CHARGED**

VIOLATIONS: 18 U.S.C. § 371 – Conspiracy to Traffic Wildlife; 16 U.S.C. § 3372(a)(1) – Wildlife Trafficking; 18 U.S.C. §§ 545 – Smuggling; 16 U.S.C. § 3374 and 18 U.S.C. §§ 545 and 981(a)(2)(B) and (b)(1) – Forfeiture

☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Conspiracy/Trafficking: 5 years imprisonment; $250,000 fine; 3 years supervised release; $100 special assessment.
Smuggling: 20 years imprisonment; $250,000 fine; 3 years supervised release

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
JUL 15 P 3:14
[clerk stamp]
NORTHERN DISTRICT COURT
DISTRICT OF CALIFORNIA

**DEFENDANT - U.S.**
▶ HEDLEY'S HUMPERS, LTD. and STEVEN HEDLEY

DISTRICT COURT NUMBER
**CR 14 374**

DEFENDANT — **WHA**

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons was served on above charges ▶_____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
U.S. Commerce Dept., Nat'l Oceanic & Atmospheric Adm.

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   Hartley M. K. West
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Hartley M. K. West

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT   Bail Amount: No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

FILED
2014 JUL 15 P 3: 14

UNITED STATES OF AMERICA,

V.

HEDLEY'S HUMPERS, LTD. and
STEVEN HEDLEY,

DEFENDANT(S).

**WHA**

**CR 14 374**

UNDER SEAL

## INDICTMENT

18 U.S.C. § 371 – Conspiracy to Traffic Wildlife;
16 U.S.C. § 3372(a)(1) – Wildlife Trafficking;
18 U.S.C. § 545 – Smuggling;
16 U.S.C. § 3374 and 18 U.S.C. §§ 545 and 982(a)(2)(B) and (b)(1) – Forfeiture

---

A true bill.

_____
Foreman

Filed in open court this 15th day of July, 2014

Rose M. _____  **ROSE MAHER**
Clerk

NANDOR J. VADAS
U.S. Magistrate Judge     Bail, $ No bail warrant
                          as to Steven Hedly only

1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
3
4
5
6
7
8
9
10
11
12  UNITED STATES OF AMERICA,
13       Plaintiff,
14       v.
15  HEDLEY'S HUMPERS, LTD. and
    STEVEN HEDLEY,
16
         Defendants.
17





UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CR NO. 14   374   WHA

VIOLATIONS: 18 U.S.C. § 371 – Conspiracy to Traffic Wildlife; 16 U.S.C. § 3372(a)(1) – Wildlife Trafficking; 18 U.S.C. § 545 – Smuggling; 16 U.S.C. § 3374 and 18 U.S.C. §§ 545 and 982(a)(2)(B) and (b)(1) – Forfeiture

SAN FRANCISCO VENUE

18
19
20                              INDICTMENT
21  The Grand Jury Charges: and
22                       INTRODUCTORY ALLEGATIONS
23       At all times relevant to this Indictment:
24       1.   Defendant HEDLEY'S HUMPERS, LTD. was an international shipping company based
25  in London, England, with offices in Paris, France; Avignon, France; and Brooklyn, New York.
26       2.   Defendant STEVEN HEDLEY was the owner and operator of HEDLEY'S HUMPERS.
27       3.   M.P. owned a fine art and antique store and wine tasting collective located in Yountville,
28  California, with storage facilities in Napa, California.

INDICTMENT



4. Among other wares, M.P.'s store displayed and offered for sale wildlife items such as sea turtle shells, whale bones, and giant clam shells.

5. R.T. and G.D. were vendors located in Belgium and specializing in the sale of wildlife products, including wildlife protected under United States laws and regulations.

### The Lacey Act

6. The Lacey Act made it unlawful for any person to import, export, transport, sell, receive, acquire, or purchase in interstate or foreign commerce any fish or wildlife taken, possessed, transported, or sold in violation of any law, treaty, or regulation of the United States. 16 U.S.C. § 3372(a)(1). The term "wildlife" encompassed any wild animal alive or dead, and any part thereof. 16 U.S.C. § 3371(a).

7. The Lacey Act further prohibited a person from making or submitting any false record, account, or label for, or any false identification of, any fish or wildlife which had been, or was intended to be, (1) imported, exported, transported, sold, purchased, or received from any foreign country, or (2) transported in interstate or foreign commerce. 16 U.S.C. § 3372(d).

### CITES and the Endangered Species Act

8. On July 1, 1975, the United States entered into the Convention on International Trade in Endangered Species of Wild Fauna and Flora (CITES), which was designed to regulate international trade in wildlife and plants so as to ensure species survival. 50 C.F.R. § 23.1. CITES has been implemented through the Endangered Species Act, 16 U.S.C. § 1531 et seq., and regulations promulgated pursuant to that Act, 50 C.F.R. Part 23.

9. CITES classified species in "Appendices," which established a sliding scale of protection. Appendix I listed species that were the most endangered among CITES-listed animals and plants – those that were threatened with extinction. CITES prohibited international trade in specimens of Appendix I species except when the purpose of the import was not commercial, such as for scientific research. 50 C.F.R. §§ 23.13 and 23.55.

10. Appendix II listed species that were not necessarily now threatened with extinction but that could become so unless trade is closely controlled. It also included so-called "look-alike species," meaning species whose specimens in trade look like those of species listed for conservation reasons. International trade in Appendix II species could be authorized by the granting of an export permit or re-

INDICTMENT 2

export certificate, if relevant authorities were satisfied that trade would not be detrimental to the survival of the species in the wild. 50 C.F.R. §§ 23.4(b), 23.13, and 23.55.

11. The CITES regulations covered all living or dead specimens listed in the Appendices, and all their readily recognizable parts. 50 C.F.R. § 23.5.

12. The Endangered Species Act made it unlawful to deliver, receive, carry, transport, or ship, in interstate or foreign commerce in the course of a commercial activity, any endangered species of fish or wildlife, including any live or dead parts thereof. 16 U.S.C. §§ 1532(8) and 1538(a)(1)(E). The Act also prohibited the sale or offer for sale of endangered species in interstate or foreign commerce, violation of any regulation pertaining to endangered species, trade in any specimens contrary to CITES, and possession of any specimens so traded. 16 U.S.C. § 1538(a)(1)(F), (a)(1)(G), and (c)(1).

13. All sea turtles, Family *cheloniidae*, were listed under CITES Appendix I and categorized as "endangered" or "threatened" under the Endangered Species Act.

14. All whales, Family *Cetecea*, were listed under CITES Appendix I or Appendix II.

15. Giant clams, Species *Tridacna gigas*, were listed under CITES Appendix II.

## MANNER AND MEANS OF THE CONSPIRACIES

16. HEDLEY and HEDLEY'S HUMPERS were in the business of shipping items from vendors in Europe to buyers, including resellers, in the United States and elsewhere. Buyers purchased antiques, wildlife items, and other items in Europe and contracted with HEDLEY'S HUMPERS to transport the items to the United States. Some of the wildlife items that buyers purchased were protected under CITES, the Endangered Species Act, or both.

17. Buyers notified HEDLEY or a HEDLEY'S HUMPERS' employee of items purchased for import, and provided HEDLEY'S HUMPERS with copies of the vendors' invoices for these items. HEDLEY or a HEDLEY'S HUMPERS' employee then contacted the vendors to arrange dates to pick up the items, packaged the items for transport by container ship to a U.S. port of entry, and arranged for transport from that port of entry to the shipment's ultimate destination. HEDLEY or a HEDLEY'S HUMPERS' employee also prepared packing lists and shipping invoices, which they provided to freight forwarders and customs brokers. The customs brokers were responsible for preparing U.S. Customs

///

INDICTMENT                                              3

declarations describing the items being imported and applicable tariff codes, applicable import license applications, and other importation records required by United States laws and regulations.

18. HEDLEY or a HEDLEY'S HUMPERS' employee falsely labeled the protected wildlife items in their packing lists and shipping invoices to conceal the items' protected status. At times, the false labels were made in consultation with the buyers. At other times, vendors' invoices contained false descriptions of protected wildlife, which HEDLEY'S HUMPERS repeated in its own packing lists and shipping invoices.

19. Based on the false shipping invoices provided by HEDLEY'S HUMPERS, customs brokers provided false Customs declarations and other false importation records. On some occasions, in reliance on these false records, U.S. Customs cleared shipments containing protected wildlife for import into the United States. After protected wildlife items cleared U.S. Customs at the port of entry, the items were transported to the buyers at HEDLEY'S HUMPERS' instruction, generally by truck.

COUNT ONE: (18 U.S.C. § 371 – Conspiracy to Traffic and Smuggle Wildlife)

20. Paragraphs 1 through 3, 5 through 13 and 15 through 18 of this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

21. Beginning in or about November 2006 and continuing through in or about October 2009, in the Northern District of California and elsewhere, the defendants,

> HEDLEY'S HUMPERS, LTD. and
> STEVEN HEDLEY,

and others did knowingly and willfully conspire:

(a) to knowingly transport and sell wildlife that was previously transported and sold in violation of a law, treaty, and regulation of the United States, specifically CITES, in violation of the Lacey Act, Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1);

(b) to knowingly make and submit a false record, account, and label for, and false identification of, fish and wildlife that had been and was intended to be imported, transported, sold, purchased, and received from a foreign country, and transported in interstate and foreign commerce, in violation of the Lacey Act, Title 16, United States Code, Sections 3372(d) and 3373(d)(3)(A); and

INDICTMENT                                          4

(c) to knowingly and willfully, with intent to defraud the United States, make out and pass through the customhouse a false, forged, and fraudulent invoice and other document, fraudulently and knowingly bring into the United States merchandise contrary to law, and fraudulently and knowingly facilitate the transportation and concealment of such merchandise after importation, knowing it to have been imported and brought into the United States contrary to law, in violation of Title 18, United States Code, Section 545.

## OVERT ACTS

22. In furtherance of the conspiracy and to effect the objects of that conspiracy, in the Northern District of California and elsewhere, HEDLEY'S HUMPERS, HEDLEY, and others committed the following overt acts:

   a. On or about October 25, 2006, HEDLEY caused HEDLEY'S HUMPERS to ship from France to M.P. in the Northern District of California two sea turtle shells and a whale vertebra.

   b. On or about November 22, 2006, M.P. sent HEDLEY an e-mail directing him "to redo the invoice and email to [the freight forwarder] ASAP." M.P. instructed HEDLEY "lets [sic] not use the word shell use 'oval shaped'" and "w[e] should say 'abstract' wood sculpture instead of Whale Vertebra." M.P. further stated "So, in general we should stay always from any kind of animal, shell, [sic] tortoise, vertebra . . . as these get flagged by fish and game inspectors. . . . Otherwise we are not allowed to bring this type of stuff in without special permit – if at all."

   c. On or about November 27, 2006, HEDLEY caused HEDLEY'S HUMPERS to issue a revised shipping invoice for the October 25, 2006 shipment, identifying the sea turtle shells as oval sculptures and the whale vertebra as "abstract wood sculpture."

   d. On or about November 27, 2007, HEDLEY'S HUMPERS issued a shipping invoice for a container destined for M.P., which described a sea turtle shell as a "wooden tortoise carving" and whale ribs as "metal whale rib sculpture."

   e. On or about October 13, 2008, HEDLEY'S HUMPERS issued a shipping invoice for a container destined for M.P., which described whale parts as "wooden sculptures and a wooden statue."

INDICTMENT                                              5

f.  On or about October 6, 2009, HEDLEY'S HUMPERS issued a shipping invoice for a container destined for M.P., which described a sea turtle shell as a "metal sculpture" and whale vertebra as "plastic sculptures."

All in violation of Title 18, United States Code, Section 371.

COUNT TWO:  (18 U.S.C. § 371 – Conspiracy to Traffic and Smuggle Wildlife)

23. Paragraphs 1 through 12 and 14 through 18 of this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

24. Beginning in at least November 2013 and continuing through in or about April 2014, in the Northern District of California and elsewhere, the defendants,

> HEDLEY'S HUMPERS, LTD. and
> STEVEN HEDLEY,

and others did knowingly and willfully conspire:

(a) to knowingly transport and sell wildlife that was previously transported and sold in violation of a law, treaty, and regulation of the United States, specifically CITES, in violation of the Lacey Act, Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1);

(b) to knowingly make and submit a false record, account, and label for, and false identification of, fish and wildlife that had been and was intended to be imported, transported, sold, purchased, and received from a foreign country, and transported in interstate and foreign commerce, in violation of the Lacey Act, Title 16, United States Code, Sections 3372(d) and 3373(d)(3)(A); and

(c) to knowingly and willfully, with intent to defraud the United States, make out and pass through the customhouse a false, forged, and fraudulent invoice and other document, fraudulently and knowingly bring into the United States merchandise contrary to law, and fraudulently and knowingly facilitate the transportation and concealment of such merchandise after importation, knowing it to have been imported and brought into the United States contrary to law, in violation of Title 18, United States Code, Section 545.

///

///

INDICTMENT                                                          6

## OVERT ACTS

25. In furtherance of the conspiracy and to effect the objects of that conspiracy, in the Northern District of California and elsewhere, HEDLEY'S HUMPERS, HEDLEY, and others committed the following overt acts:

    a. On or about December 12, 2013, HEDLEY sent an e-mail to M.P. stating in reference to import into the United States of sea turtle shells, "Everything is in the description and best to call them mottled oval sculptures or similar."

    b. On or about December 16, 2013, HEDLEY sent an e-mail to M.P. suggesting that he mix "dubious" items with other things in a container to avoid having them X-rayed at the airport.

    c. On or about January 11, 2014, G.D. sent an e-mail to M.P. stating that it was "no problem" for G.D. to create an invoice for sea turtle shells referring to them as "mottled oval sculptures."

    d. On or about January 18, 2014, HEDLEY sent an e-mail to M.P. instructing him to "use anything that does not say clam shell . . . !" for purposes of describing the giant clam shell.

    e. On or about January 21, 2014, R.T. sent an e-mail to M.P. stating R.T.'s invoice would identify a giant clam shell as a "limestone decoration piece."

    f. On or about March 3, 2014, a HEDLEY'S HUMPERS employee e-mailed M.P. a copy of the HEDLEY'S HUMPERS shipping invoice, which described two sea turtle shells as "mottled oval sculptures" and a giant clam shell as an "oval sculpture."

    g. On or about May 14, 2014, two sea turtle shells and one giant clam shell were delivered to M.P. in Napa, California.

All in violation of Title 18, United States Code, Section 371.

///
///
///
///
///
///

INDICTMENT                7

COUNT THREE: (16 U.S.C. §§ 3372(d) and 3373(d)(3)(A) – Wildlife Trafficking; 18 U.S.C. § 2 – Aiding and Abetting)

26. Paragraphs 1 through 12 and 15 through 18 of this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

27. On or about February 28, 2014, in the Northern District of California, the defendants,

HEDLEY'S HUMPERS, LTD. and
STEVEN HEDLEY,

did knowingly and willfully make and submit a false record, account, and label for, and a false identification of, wildlife, specifically two green sea turtle shells, which had been and were intended to be imported, exported, transported, sold, purchased, and received from a foreign country, and transported in interstate and foreign commerce, and did aid and abet another in the same, in violation of Title 16, United States Code, Sections 3372(d) and 3373(d)(3)(A) and Title 18, United States Code, Section 2.

COUNT FOUR: (16 U.S.C. §§ 3372(d) and 3373(d)(3)(A) – Wildlife Trafficking; 18 U.S.C. § 2 – Aiding and Abetting)

28. Paragraphs 1 through 11 and 14 through 18 of this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

29. On or about February 28, 2014, in the Northern District of California, the defendants,

HEDLEY'S HUMPERS, LTD. and
STEVEN HEDLEY,

did knowingly and willfully make and submit a false record, account, and label for, and a false identification of, wildlife, specifically one giant clam shell, which had been and was intended to be imported, exported, transported, sold, purchased, and received from a foreign country, and transported in interstate and foreign commerce, and did aid and abet another in the same, in violation of Title 16, United States Code, Sections 3372(d) and 3373(d)(3)(A) and Title 18, United States Code, Section 2.

///
///

INDICTMENT                    8

1  COUNT FIVE: (18 U.S.C. § 545 – Smuggling; 18 U.S.C. § 2 – Aiding and Abetting)

2      30.    Paragraphs 1 through 12 and 14 through 18 of this Indictment are hereby re-alleged and
3  incorporated by reference as if set forth in full herein.

4      31.    On or about April 21, 2014, in the Northern District of California, the defendants,

5                  HEDLEY'S HUMPERS, LTD. and
                    STEVEN HEDLEY,
6

7  did fraudulently and knowingly import and bring into the United States merchandise, specifically two
8  sea turtle shells, contrary to the Endangered Species Act, and did facilitate the transportation and
9  concealment of such merchandise after importation, knowing the same to have been imported and
10 brought into the United States contrary to the Endangered Species Act, in violation of Title 18, United
11 States Code, Section 545.

12

13 FORFEITURE ALLEGATION: (16 U.S.C. § 3374(a)(1) and (a)(2); 18 U.S.C. § 545 – Wildlife
                          Trafficking Forfeiture; 18 U.S.C. § 982(a)(2)(B) – Forfeiture of
14                        Proceeds)

15     32.    Paragraphs 1 through 18 of this Indictment are hereby re-alleged and incorporated by
16 reference as if set forth in full herein.

17     33.    Upon conviction of any of the offenses alleged in Counts 1, 2, or 5 of this Indictment, the
18 defendants,

19                  HEDLEY'S HUMPERS, LTD. and
                    STEVEN HEDLEY,
20

21 shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any
22 property constituting, or derived from, proceeds obtained directly or indirectly, as a result of a violation
23 of Title 18, United States Code, Section 545, or any conspiracy thereto.
24 ///
25 ///
26 ///
27 ///
28 ///

INDICTMENT                                         9

34. Upon conviction of any of the offenses alleged in Counts 3 or 4 of this Indictment, the defendants,

> HEDLEY'S HUMPERS, LTD. and
> STEVEN HEDLEY,

shall forfeit to the United States, pursuant to Title 16, United States Code, Section 3374(a)(1) and (a)(2), all fish and wildlife imported, exported, transported, sold, received, acquired, or purchased contrary to Title 16, United States Code, Section 3372(a) and (d), or any regulation issued pursuant thereto, and all vessels, vehicles, aircraft, and other equipment used to aid in the importing, exporting, transporting, selling, receiving, acquiring, or purchasing of fish or wildlife if (A) the owner of such vessel, vehicle, aircraft, or equipment was at the time of the violation a consenting party or privy thereto or in the exercise of due care should have known that such vessel, vehicle, aircraft, or equipment would be used in a criminal violation of Title 16, United States Code, Section 3372(a) and (d), and (B) the violation involved the sale or purchase of, the offer of sale or purchase of, or the intent to sell or purchase, fish or wildlife.

36. Upon conviction of the offense alleged in Count 5 of this Indictment, the defendants,

> HEDLEY'S HUMPERS, LTD. and
> STEVEN HEDLEY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 545, any merchandise introduced into the United States in violation of Title 18, United States Code, Section 545.

37. If, as a result of any act or omission of the defendant, any of said property
   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to or deposited with, a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

INDICTMENT                                       10

any and all interest defendant has in any other property (up to the value of the property subject to forfeiture), shall be forfeited to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and Title 28, United States Code, Section 2461(c).

All in violation of Title 16, United States Code, Section 3374; Title 18, United States Code, Sections 545 and 982(a)(2)(B) and (b)(1); Title 28, United States Code, Section 2461(c); and Federal Rule of Criminal Procedure 32.2.

DATED: July 15, 2014

A TRUE BILL.

_____
FOREPERSON

MELINDA HAAG
United States Attorney

_____
J. DOUGLAS WILSON
Chief, Criminal Division

(Approved as to form: _____ )
AUSA WEST

INDICTMENT                                              11