# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN FRANCISCO

**FILED**

AUG - 5 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

V.

CR 14 374 WHA

HEDLEY'S HUMPERS, LTD. and
STEPHEN HEDLEY,



DEFENDANT(S).

---

# INDICTMENT

18 U.S.C. § 371 – Conspiracy to Traffic Wildlife;
16 U.S.C. § 3372(a)(1) – Wildlife Trafficking;
18 U.S.C. § 545 – Smuggling;
16 U.S.C. § 3374 and 18 U.S.C. §§ 545 and 982(a)(2)(B) and
(b)(1) – Forfeiture

---

A true bill.

_____
Foreman

Filed in open court this __5th__ day of

__August 2014__

_____
Clerk

no bail arrest warrant
as to Hedley, Stephen;
Bail, $ _____
as to Healeys Humpers

_____
Nathanael Cousins
United States Magistrate Judge

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

### — OFFENSE CHARGED —

VIOLATIONS: 18 U.S.C. § 371 – Conspiracy to Traffic Wildlife; 16 U.S.C. § 3372(a)(1) – Wildlife Trafficking; 18 U.S.C. § 545 – Smuggling; 16 U.S.C. § 3374 and 18 U.S.C. §§ 545 and 982(a) (2)(B) and (b)(1) – Forfeiture

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   Conspiracy/Trafficking:  5 years imprisonment; $250,000 fine;  3 years supervised release; $100 special assessment. Smuggling: 20 years imprisonment; $250,000 fine; 3 years supervised release

☐ +

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

### — DEFENDANT - U.S —

▶ HEDLEY'S HUMPERS, LTD. and STEPHEN HEDLEY

DISTRICT COURT NUMBER
CR 14-0374 WHA

**FILED**

AUG – 5 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

U.S. Commerce Dept., Natl Oceanic & Atmospheric Adm.

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under }

Name and Office of Person Furnishing Information on this form   Melinda Haag
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Hartley M. K. West

### IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)
_____

### IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges  ☐ State
If answer to (6) is "Yes", show name of institution
_____

Has detainer been filed?  ☐ Yes  ☐ No
} If "Yes" give date filed _____

DATE OF ARREST   Month/Day/Year _____
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year _____

☐ This report amends AO 257 previously submitted

### — ADDITIONAL INFORMATION OR COMMENTS —

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT     Bail Amount: No bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

_____

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____     Before Judge: _____

Comments:

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☒ SUPERSEDING

### OFFENSE CHARGED

VIOLATIONS: 18 U.S.C. § 371 – Conspiracy to Traffic Wildlife;
16 U.S.C. § 3372(a)(1) – Wildlife Trafficking; 18 U.S.C. § 545 –
Smuggling; 16 U.S.C. § 3374 and 18 U.S.C. §§ 545 and 982(a)
(2)(B) and (b)(1) – Forfeiture

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  Conspiracy/Trafficking:  5 years Imprisonment; $250,000 fine; 3
years supervised release; $100 special assessment.
Smuggling: 20 years imprisonment; $250,000 fine; 3 years
supervised release

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

### DEFENDANT - U.S

▶ HEDLEY'S HUMPERS, LTD. and STEPHEN HEDLEY

DISTRICT COURT NUMBER

CR 14-0374 WHA

**FILED**

AUG – 5 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

U.S. Commerce Dept., Natl Oceanic & Atmospheric Adm.

☐ person is awaiting trial in another Federal or State Court,
give name of court

_____

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40.  Show District

_____

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:                                       SHOW
                                          DOCKET NO.
   ☐ U.S. ATTORNEY   ☐ DEFENSE   }

☐ this prosecution relates to a
pending case involving this same
defendant                                 MAGISTRATE
                                          CASE NO.

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under    }

Name and Office of Person
Furnishing Information on this form    Melinda Haag

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    Hartley M. K. West

### DEFENDANT

IS *NOT* IN CUSTODY
1) ☒ Has not been arrested, pending outcome this proceeding.
    If not detained give date any prior
    summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release ~~from~~ (~~show District~~)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction                ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges
    If answer to (6) is "Yes", show name of institution

_____

Has detainer   ☐ Yes    }  If "Yes"
been filed?    ☐ No      }  give date
                            filed

DATE OF          Month/Day/Year
ARREST ▶

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED    ▶    Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT    Bail Amount: No bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment*

Date/Time: _____    Before Judge: _____

Comments:

1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
3
4
5
6
7
8
9
10
11



**FILED**

AUG - 5 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

12  UNITED STATES OF AMERICA,                    )  CASE NO.  CR 14-374 WHA
                                                  )
13              Plaintiff,                         )  VIOLATIONS:  18 U.S.C. § 371 – Conspiracy to
                                                  )  Traffic Wildlife; 16 U.S.C. § 3372(a)(1) – Wildlife
14       v.                                        )  Trafficking; 18 U.S.C. § 545 – Smuggling; 16 U.S.C.
                                                  )  § 3374 and 18 U.S.C. §§ 545 and 982(a)(2)(B) and
15  HEDLEY'S HUMPERS, LTD. and                    )  (b)(1) – Forfeiture
    STEPHEN HEDLEY,                               )
16                                                 )  SAN FRANCISCO VENUE
                Defendants.                        )
17                                                 )
                                                  )
18  _____
19
20              S U P E R S E D I N G   I N D I C T M E N T
21  The Grand Jury Charges:
22              INTRODUCTORY ALLEGATIONS
23       At all times relevant to this Superseding Indictment:
24       1.    Defendant HEDLEY'S HUMPERS, LTD. was an international shipping company based
25  in London, England, with offices in Paris, France; Avignon, France; and Brooklyn, New York.
26       2.    Defendant STEPHEN HEDLEY was the owner and operator of HEDLEY'S HUMPERS.
27       3.    M.P. owned a fine art and antique store and wine tasting collective located in Yountville,
28  California, with storage facilities in Napa, California.

SUPERSEDING INDICTMENT

1       4.      Among other wares, M.P.'s store displayed and offered for sale wildlife items such as sea

2   turtle shells, whale bones, and giant clam shells.

3       5.      R.T. and G.D. were vendors located in Belgium and specializing in the sale of wildlife

4   products, including wildlife protected under United States laws and regulations.

5   The Lacey Act

6       6.      The Lacey Act made it unlawful for any person to import, export, transport, sell, receive,

7   acquire, or purchase in interstate or foreign commerce any fish or wildlife taken, possessed, transported,

8   or sold in violation of any law, treaty, or regulation of the United States.  16 U.S.C. § 3372(a)(1).  The

9   term "wildlife" encompassed any wild animal alive or dead, and any part thereof.  16 U.S.C. § 3371(a).

10       7.      The Lacey Act further prohibited a person from making or submitting any false record,

11   account, or label for, or any false identification of, any fish or wildlife which had been, or was intended

12   to be, (1) imported, exported, transported, sold, purchased, or received from any foreign country, or (2)

13   transported in interstate or foreign commerce.  16 U.S.C. § 3372(d).

14   CITES and the Endangered Species Act

15       8.      On July 1, 1975, the United States entered into the Convention on International Trade in

16   Endangered Species of Wild Fauna and Flora (CITES), which was designed to regulate international

17   trade in wildlife and plants so as to ensure species survival.  50 C.F.R. § 23.1.  CITES has been

18   implemented through the Endangered Species Act, 16 U.S.C. § 1531 et seq., and regulations

19   promulgated pursuant to that Act, 50 C.F.R. Part 23.

20       9.      CITES classified species in "Appendices," which established a sliding scale of

21   protection.  Appendix I listed species that were the most endangered among CITES-listed animals and

22   plants – those that were threatened with extinction.  CITES prohibited international trade in specimens

23   of Appendix I species except when the purpose of the import was not commercial, such as for scientific

24   research.  50 C.F.R. §§ 23.13 and 23.55.

25       10.     Appendix II listed species that were not necessarily now threatened with extinction but

26   that could become so unless trade is closely controlled.  It also included so-called "look-alike species,"

27   meaning species whose specimens in trade look like those of species listed for conservation reasons.

28   International trade in Appendix II species could be authorized by the granting of an export permit or re-

SUPERSEDING INDICTMENT         2

1 export certificate, if relevant authorities were satisfied that trade would not be detrimental to the survival
2 of the species in the wild. 50 C.F.R. §§ 23.4(b), 23.13, and 23.55.

3      11.     The CITES regulations covered all living or dead specimens listed in the Appendices, and
4 all their readily recognizable parts. 50 C.F.R. § 23.5.

5      12.     The Endangered Species Act made it unlawful to deliver, receive, carry, transport, or
6 ship, in interstate or foreign commerce in the course of a commercial activity, any endangered species of
7 fish or wildlife, including any live or dead parts thereof. 16 U.S.C. §§ 1532(8) and 1538(a)(1)(E). The
8 Act also prohibited the sale or offer for sale of endangered species in interstate or foreign commerce,
9 violation of any regulation pertaining to endangered species, trade in any specimens contrary to CITES,
10 and possession of any specimens so traded. 16 U.S.C. § 1538(a)(1)(F), (a)(1)(G), and (c)(1).

11      13.     All sea turtles, Family *cheloniidae*, were listed under CITES Appendix I and categorized
12 as "endangered" or "threatened" under the Endangered Species Act.

13      14.     All whales, Family *Cetecea*, were listed under CITES Appendix I or Appendix II.

14      15.     Giant clams, Species *Tridacna gigas*, were listed under CITES Appendix II.

15               MANNER AND MEANS OF THE CONSPIRACIES

16      16.     HEDLEY and HEDLEY'S HUMPERS were in the business of shipping items from
17 vendors in Europe to buyers, including resellers, in the United States and elsewhere. Buyers purchased
18 antiques, wildlife items, and other items in Europe and contracted with HEDLEY'S HUMPERS to
19 transport the items to the United States. Some of the wildlife items that buyers purchased were
20 protected under CITES, the Endangered Species Act, or both.

21      17.     Buyers notified HEDLEY or a HEDLEY'S HUMPERS' employee of items purchased
22 for import, and provided HEDLEY'S HUMPERS with copies of the vendors' invoices for these items.
23 HEDLEY or a HEDLEY'S HUMPERS' employee then contacted the vendors to arrange dates to pick
24 up the items, packaged the items for transport by container ship to a U.S. port of entry, and arranged for
25 transport from that port of entry to the shipment's ultimate destination. HEDLEY or a HEDLEY'S
26 HUMPERS' employee also prepared packing lists and shipping invoices, which they provided to freight
27 forwarders and customs brokers. The customs brokers were responsible for preparing U.S. Customs
28 / / /

SUPERSEDING INDICTMENT           · 3

1  declarations describing the items being imported and applicable tariff codes, applicable import license

2  applications, and other importation records required by United States laws and regulations.

3      18.     HEDLEY or a HEDLEY'S HUMPERS' employee falsely labeled the protected wildlife

4  items in their packing lists and shipping invoices to conceal the items' protected status.  At times, the

5  false labels were made in consultation with the buyers.  At other times, vendors' invoices contained false

6  descriptions of protected wildlife, which HEDLEY'S HUMPERS repeated in its own packing lists and

7  shipping invoices.

8      19.     Based on the false shipping invoices provided by HEDLEY'S HUMPERS, customs

9  brokers provided false Customs declarations and other false importation records.  On some occasions, in

10  reliance on these false records, U.S. Customs cleared shipments containing protected wildlife for import

11  into the United States.  After protected wildlife items cleared U.S. Customs at the port of entry, the items

12  were transported to the buyers at HEDLEY'S HUMPERS' instruction, generally by truck.

13

14  COUNT ONE:  (18 U.S.C. § 371 – Conspiracy to Traffic and Smuggle Wildlife)

15      20.     Paragraphs 1 through 3, 5 through 13 and 15 through 18 of this Superseding Indictment

16  are hereby re-alleged and incorporated by reference as if set forth in full herein.

17      21.     Beginning in or about November 2006 and continuing through in or about October 2009,

18  in the Northern District of California and elsewhere, the defendants,

19                          HEDLEY'S HUMPERS, LTD. and
                            STEPHEN HEDLEY,

20

21  and others did knowingly and willfully conspire:

22          (a)     to knowingly transport and sell wildlife that was previously transported and sold

23  in violation of a law, treaty, and regulation of the United States, specifically CITES, in violation of the

24  Lacey Act, Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1);

25          (b)     to knowingly make and submit a false record, account, and label for, and false

26  identification of, fish and wildlife that had been and was intended to be imported, transported, sold,

27  purchased, and received from a foreign country, and transported in interstate and foreign commerce, in

28  violation of the Lacey Act, Title 16, United States Code, Sections 3372(d) and 3373(d)(3)(A); and

SUPERSEDING INDICTMENT                    4

1      (c)      to knowingly and willfully, with intent to defraud the United States, make out and

2 pass through the customhouse a false, forged, and fraudulent invoice and other document, fraudulently

3 and knowingly bring into the United States merchandise contrary to law, and fraudulently and

4 knowingly facilitate the transportation and concealment of such merchandise after importation, knowing

5 it to have been imported and brought into the United States contrary to law, in violation of Title 18,

6 United States Code, Section 545.

7                                          OVERT ACTS

8      22.      In furtherance of the conspiracy and to effect the objects of that conspiracy, in the

9 Northern District of California and elsewhere, HEDLEY'S HUMPERS, HEDLEY, and others

10 committed the following overt acts:

11      a.      On or about October 25, 2006, HEDLEY caused HEDLEY'S HUMPERS to ship

12 from France to M.P. in the Northern District of California two sea turtle shells and a whale vertebra.

13      b.      On or about November 22, 2006, M.P. sent HEDLEY an e-mail directing him "to

14 redo the invoice and email to [the freight forwarder] ASAP." M.P. instructed HEDLEY "lets [sic] not

15 use the word shell use 'oval shaped'" and "w[e] should say 'abstract' wood sculpture instead of Whale

16 Vertebra." M.P. further stated "So, in general we should stay always from any kind of animal, shell ,

17 [sic] tortoise, vertebra . . . as these get flagged by fish and game inspectors. . . . Otherwise we are not

18 allowed to bring this type of stuff in without special permit – if at all."

19      c.      On or about November 27, 2006, HEDLEY caused HEDLEY'S HUMPERS to

20 issue a revised shipping invoice for the October 25, 2006 shipment, identifying the sea turtle shells as

21 oval sculptures and the whale vertebra as "abstract wood sculpture."

22      d.      On or about November 27, 2007, HEDLEY'S HUMPERS issued a shipping

23 invoice for a container destined for M.P., which described a sea turtle shell as a "wooden tortoise

24 carving" and whale ribs as "metal whale rib sculpture."

25      e.      On or about October 13, 2008, HEDLEY'S HUMPERS issued a shipping invoice

26 for a container destined for M.P., which described whale parts as "wooden sculptures and a wooden

27 statue."

28

SUPERSEDING INDICTMENT                    5

1    f.    On or about October 6, 2009, HEDLEY'S HUMPERS issued a shipping invoice

2 for a container destined for M.P., which described a sea turtle shell as a "metal sculpture" and whale

3 vertebra as "plastic sculptures."

4    All in violation of Title 18, United States Code, Section 371.

5

6 COUNT TWO:  (18 U.S.C. § 371 – Conspiracy to Traffic and Smuggle Wildlife)

7    23.    Paragraphs 1 through 12 and 14 through 18 of this Superseding Indictment are hereby re-

8 alleged and incorporated by reference as if set forth in full herein.

9    24.    Beginning in at least November 2013 and continuing through in or about April 2014, in

10 the Northern District of California and elsewhere, the defendants,

11                    HEDLEY'S HUMPERS, LTD. and
                          STEPHEN HEDLEY,
12

13 and others did knowingly and willfully conspire:

14    (a)    to knowingly transport and sell wildlife that was previously transported and sold

15 in violation of a law, treaty, and regulation of the United States, specifically CITES, in violation of the

16 Lacey Act, Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1);

17    (b)    to knowingly make and submit a false record, account, and label for, and false

18 identification of, fish and wildlife that had been and was intended to be imported, transported, sold,

19 purchased, and received from a foreign country, and transported in interstate and foreign commerce, in

20 violation of the Lacey Act, Title 16, United States Code, Sections 3372(d) and 3373(d)(3)(A); and

21    (c)    to knowingly and willfully, with intent to defraud the United States, make out and

22 pass through the customhouse a false, forged, and fraudulent invoice and other document, fraudulently

23 and knowingly bring into the United States merchandise contrary to law, and fraudulently and

24 knowingly facilitate the transportation and concealment of such merchandise after importation, knowing

25 it to have been imported and brought into the United States contrary to law, in violation of Title 18,

26 United States Code, Section 545.

27 ///

28 ///

SUPERSEDING INDICTMENT                    6

OVERT ACTS

25.     In furtherance of the conspiracy and to effect the objects of that conspiracy, in the Northern District of California and elsewhere, HEDLEY'S HUMPERS, HEDLEY, and others committed the following overt acts:

a.      On or about December 12, 2013, HEDLEY sent an e-mail to M.P. stating in reference to import into the United States of sea turtle shells, "Everything is in the description and best to call them mottled oval sculptures or similar."

b.      On or about December 16, 2013, HEDLEY sent an e-mail to M.P. suggesting that he mix "dubious" items with other things in a container to avoid having them X-rayed at the airport.

c.      On or about January 11, 2014, G.D. sent an e-mail to M.P. stating that it was "no problem" for G.D. to create an invoice for sea turtle shells referring to them as "mottled oval sculptures."

d.      On or about January 18, 2014, HEDLEY sent an e-mail to M.P. instructing him to "use anything that does not say clam shell . . . !" for purposes of describing the giant clam shell.

e.      On or about January 21, 2014, R.T. sent an e-mail to M.P. stating R.T.'s invoice would identify a giant clam shell as a "limestone decoration piece."

f.      On or about March 3, 2014, a HEDLEY'S HUMPERS employee e-mailed M.P. a copy of the HEDLEY'S HUMPERS shipping invoice, which described two sea turtle shells as "mottled oval sculptures" and a giant clam shell as an "oval sculpture."

g.      On or about May 14, 2014, two sea turtle shells and one giant clam shell were delivered to M.P. in Napa, California.

All in violation of Title 18, United States Code, Section 371.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

SUPERSEDING INDICTMENT                          7

1  COUNT THREE:  (16 U.S.C. §§ 3372(d) and 3373(d)(3)(A) – Wildlife Trafficking; 18 U.S.C. § 2 –
2                Aiding and Abetting)

3      26.    Paragraphs 1 through 12 and 15 through 18 of this Superseding Indictment are hereby re-

4  alleged and incorporated by reference as if set forth in full herein.

5      27.    On or about February 28, 2014, in the Northern District of California, the defendants,

6                          HEDLEY'S HUMPERS, LTD. and
                                  STEPHEN HEDLEY,
7

8  did knowingly and willfully make and submit a false record, account, and label for, and a false

9  identification of, wildlife, specifically two green sea turtle shells, which had been and were intended to

10  be imported, exported, transported, sold, purchased, and received from a foreign country, and

11  transported in interstate and foreign commerce, and did aid and abet another in the same, in violation of

12  Title 16, United States Code, Sections 3372(d) and 3373(d)(3)(A) and Title 18, United States Code,

13  Section 2.

14

15  COUNT FOUR:  (16 U.S.C. §§ 3372(d) and 3373(d)(3)(A) – Wildlife Trafficking; 18 U.S.C. § 2 –
                  Aiding and Abetting)
16

17      28.    Paragraphs 1 through 11 and 14 through 18 of this Superseding Indictment are hereby re-

18  alleged and incorporated by reference as if set forth in full herein.

19      29.    On or about February 28, 2014, in the Northern District of California, the defendants,

20                          HEDLEY'S HUMPERS, LTD. and
                                  STEPHEN HEDLEY,
21

22  did knowingly and willfully make and submit a false record, account, and label for, and a false

23  identification of, wildlife, specifically one giant clam shell, which had been and was intended to be

24  imported, exported, transported, sold, purchased, and received from a foreign country, and transported in

25  interstate and foreign commerce, and did aid and abet another in the same, in violation of Title 16,

26  United States Code, Sections 3372(d) and 3373(d)(3)(A) and Title 18, United States Code, Section 2.

27  ///

28  ///

SUPERSEDING INDICTMENT                    8

1  COUNT FIVE:  (18 U.S.C. § 545 – Smuggling; 18 U.S.C. § 2 – Aiding and Abetting)

2      30.    Paragraphs 1 through 12 and 14 through 18 of this Superseding Indictment are hereby re-

3  alleged and incorporated by reference as if set forth in full herein.

4      31.    On or about April 21, 2014, in the Northern District of California, the defendants,

5                  HEDLEY'S HUMPERS, LTD. and
                   STEPHEN HEDLEY,
6

7  did fraudulently and knowingly import and bring into the United States merchandise, specifically two

8  sea turtle shells, contrary to the Endangered Species Act, and did facilitate the transportation and

9  concealment of such merchandise after importation, knowing the same to have been imported and

10  brought into the United States contrary to the Endangered Species Act, in violation of Title 18, United

11  States Code, Section 545.

12

13  FORFEITURE ALLEGATION:  (16 U.S.C. § 3374(a)(1) and (a)(2); 18 U.S.C. § 545 – Wildlife
                         Trafficking Forfeiture; 18 U.S.C. § 982(a)(2)(B) – Forfeiture of
14                        Proceeds)

15      32.    Paragraphs 1 through 18 of this Superseding Indictment are hereby re-alleged and

16  incorporated by reference as if set forth in full herein.

17      33.    Upon conviction of any of the offenses alleged in Counts 1, 2, or 5 of this Superseding

18  Indictment, the defendants,

19                  HEDLEY'S HUMPERS, LTD. and
                   STEPHEN HEDLEY,
20

21  shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any

22  property constituting, or derived from, proceeds obtained directly or indirectly, as a result of a violation

23  of Title 18, United States Code, Section 545, or any conspiracy thereto.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

SUPERSEDING INDICTMENT                    9

1    34.    Upon conviction of any of the offenses alleged in Counts 3 or 4 of this Superseding

2  Indictment, the defendants,

3                             HEDLEY'S HUMPERS, LTD. and
                                   STEPHEN HEDLEY,
4

5  shall forfeit to the United States, pursuant to Title 16, United States Code, Section 3374(a)(1) and (a)(2),

6  all fish and wildlife imported, exported, transported, sold, received, acquired, or purchased contrary to

7  Title 16, United States Code, Section 3372(a) and (d), or any regulation issued pursuant thereto, and all

8  vessels, vehicles, aircraft, and other equipment used to aid in the importing, exporting, transporting,

9  selling, receiving, acquiring, or purchasing of fish or wildlife if (A) the owner of such vessel, vehicle,

10 aircraft, or equipment was at the time of the violation a consenting party or privy thereto or in the

11 exercise of due care should have known that such vessel, vehicle, aircraft, or equipment would be used

12 in a criminal violation of Title 16, United States Code, Section 3372(a) and (d), and (B) the violation

13 involved the sale or purchase of, the offer of sale or purchase of, or the intent to sell or purchase, fish or

14 wildlife.

15    36.    Upon conviction of the offense alleged in Count 5 of this Superseding Indictment, the

16 defendants,

17                            HEDLEY'S HUMPERS, LTD. and
                                  STEPHEN HEDLEY,
18

19 shall forfeit to the United States, pursuant to Title 18, United States Code, Section 545, any merchandise

20 introduced into the United States in violation of Title 18, United States Code, Section 545.

21    37.    If, as a result of any act or omission of the defendant, any of said property

22          a.      cannot be located upon the exercise of due diligence;

23          b.      has been transferred or sold to or deposited with, a third person;

24          c.      has been placed beyond the jurisdiction of the Court;

25          d.      has been substantially diminished in value; or

26          e.      has been commingled with other property which cannot be divided without

27          difficulty;

28

SUPERSEDING INDICTMENT                         10

1  any and all interest defendant has in any other property (up to the value of the property subject to

2  forfeiture), shall be forfeited to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 18

3  U.S.C. § 982(b)(1) and Title 28, United States Code, Section 2461(c).

4     All in violation of Title 16, United States Code, Section 3374; Title 18, United States Code,

5  Sections 545 and 982(a)(2)(B) and (b)(1); Title 28, United States Code, Section 2461(c); and Federal

6  Rule of Criminal Procedure 32.2.

7

8  DATED: Aug 5, 2014           A TRUE BILL.

9

10                    FOREPERSON

11

12  MELINDA HAAG
  United States Attorney

13

14

15

16  J. DOUGLAS WILSON
  Chief, Criminal Division

17

18  (Approved as to form: _____ )
          AUSA WEST

19

20

21

22

23

24

25

26

27

28

SUPERSEDING INDICTMENT       11